MARSHALL v. KERNERSVILLE.

*Walser & Walser for plaintiff.*
*McCrary & DeLapp for defendant.*

PER CURIAM. If there is error in the trial of this action in the court below, we think it harmless. From the evidence appearing in the record, we do not think it sufficient to have been submitted to the jury to sustain a recovery for actionable negligence.

If error should be found and a new trial granted, it would not profit plaintiff. If a new trial was awarded no different result could follow. The entire testimony relevant to the issues was before the court. From this evidence it is apparent that in no aspect of it could plaintiff recover. In such cases our decisions are to the effect that a new trial will not be granted. *Bateman v. Lumber Co.,* 154 N. C., 248; *Booth v. Hairston,* 193 N. C., 278. For the reasons given, there is

No error.

---

JOHN W. MARSHALL ET AL. v. TOWN OF KERNERSVILLE.

(Filed 6 November, 1929.)

**Appeal and Error J a—Where allegations of complaint are not supported by evidence, judgment dissolving restraining order will be affirmed.**

Where a temporary restraining order has been granted against an assessment against property by a town for street improvements upon the grounds of insufficiency of petition, and that the assessments were confiscatory, the plaintiffs being some of those assessed who had not paid: *Held,* the refusal of the trial judge to continue the injunction to the hearing will be sustained on appeal in the absence of satisfactory evidence to support the determinative allegations of the complaint.

APPEAL by plaintiffs from *Clement, J.,* at Chambers, 28 March, 1929. From FORSYTH.

Civil action to restrain the defendant from enforcing liens for street assessments.

The street improvement work in question was commenced in October, 1924, and completed in February, 1926. The assessment roll was confirmed 10 March, 1926. Many assessments were paid as they became due, but others were not. Whereupon, in December, 1928, the defendant advertised the delinquent properties for sale. Plaintiffs instituted this action 5 January, 1929, to enjoin the sales, alleging that the petitions for said proposed improvements did not, in all cases, contain the requisite number of names and amount of feet frontage; that said petitions, therefore, were insufficient; that the assessments, judgments and liens

are confiscatory and void in that they attempt to lay a charge on private property without due process of law, etc.

It is further alleged, on information and belief, that there was lack of good faith, collusion and fraud on the part of the governing board of the defendant town in procuring the said petitions.

In the absence of satisfactory evidence to support the determinative allegations of the complaint, the temporary restraining order was dissolved and the action dismissed.

The plaintiffs appeal, assigning errors.

*William Porter, J. E. Alexander and L. M. Butler for plaintiffs.*
*Morehead & Murdock for defendant.*

PER CURIAM. No sufficient cause having been shown for disturbing the judgment, the same is
Affirmed.

---

GEORGE M. GLENN ET AL. v. E. E. CULBRETH ET AL.

(Filed 13 November, 1929.)

1. **Appeal and Error J a—Where act has been done an appeal from order dissolving temporary order will not be decided.**

    Where a temporary order has been issued restraining the use of the registration for a primary election and upon a hearing the order has been dissolved upon proper finding of facts that the registration was regular, and the election has been held, an appeal from the order dissolving the temporary restraining order presents only moot questions, and will not be decided.

2. **Elections I a—Action to try title to public office is by quo warranto and not mandamus.**

    Where the plaintiffs, residents of a city, institute an action praying that the use of the registration for a primary election be enjoined and that *mandamus* issue for a new registration, and a temporary restraining order issued therein has been dissolved, and the election has been held, an appeal from the dissolution of the temporary restraining order, if decided in favor of the appellants, would be in effect an action to try title to office, which cannot be done by *mandamus*, the proper remedy being *quo warranto*.

3. **Elections D c—Voters registered by third persons or failing to take oath not necessarily disqualified.**

    Failure to administer an oath to voters applying for registration does not result in a forfeiture of their right to vote, nor does their registration by third persons necessarily work a disqualification.